**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

REN WANG,

Petitioner,

v.

ERNESTO SANTACRUZ, et al.,

Respondents.

No. 5:26-cv-06748-BFM

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Ren Wang filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on November 10, 2026. (ECF 1 ("Pet.").) The Petition is fully briefed. (ECF 11 ("Answer"); ECF 12 ("Reply").) For the reasons stated below, the Petition (ECF 1) is **granted in part**, and the application for a temporary restraining order (ECF 3) is **denied as moot**.

## FACTUAL BACKGROUND

Petitioner is a noncitizen who is currently detained in the Adelanto Detention Facility, within the Central District of California. (Pet. ¶ 21.) He last entered the United States on a nonimmigrant visa in 2016 and maintained his lawful temporary visa status until March 2022. (Pet. ¶¶ 49.) On July 26, 2026, he was detained by ICE while at the airport boarding a domestic flight. (Pet. ¶ 50.)

Petitioner appeared before an immigration judge for a custody redetermination on August 11, 2026, and was denied bond based on the finding that he was a flight risk. (Pet. ¶ 52.) A previous habeas petition premised on that bond hearing was denied for failure to exhaust. *See Wang v. Santacruz*, 5:26-cv-04654-BFM.

After that bond hearing, Petitioner's son, an eight-year-old U.S. citizen, arrived in the United States. (Pet. ¶ 53.) His son's temporary caregivers have been unable to obtain necessary medical care or enroll him in school, because they do not have legal guardianship. (Pet. ¶ 53.) Petitioner has also obtained the support of a sponsor who is willing to support his request for bond. (Pet. ¶ 54.) Finally, Petitioner's mental conditions, including bipolar disorder, have deteriorated while he is in custody. (Pet. ¶ 55.)

Based on these developments, Petitioner asked for a new bond hearing under 8 C.F.R. § 1003.19(e). (Pet. ¶ 58.) The IJ denied the request. (Pet. ¶ 59; *see also* ECF 11-3 (IJ's order).) The IJ stated that Petitioner had not explained why he did not provide a sponsor sooner, and that the fact that Petitioner's son was expected to relocate to the United States to live with Petitioner did not mitigate his risk of flight. (ECF 11-3 at 1.)

Petitioner then filed this Petition, arguing that the IJ's denial of a new bond hearing was relevant to the lawfulness of his present detention. (Pet. ¶¶ 75-77.) Petitioner asks this Court to decide whether the IJ properly applied the regulation governing second bond hearings, and if he did not, order a new bond hearing to be held. (Pet. ¶ 77.) Petitioner also argues that procedural and substantive due process require his release, because the IJ did not properly evaluate his bid for a new hearing. (Pet. ¶¶ 78-83.)

## ANALYSIS

Petitioner claims that the IJ erred in denying him a second bond hearing based on changed circumstances. After review, the Court agrees, and thus grants the Petition.

By regulation, Petitioner is entitled to a new custody hearing if he presents materially changed circumstances. 8 C.F.R. § 1003.19(e). District courts in this Circuit have found that federal courts may review whether the IJ erred as a matter of law in finding that a noncitizen has not presented materially changed circumstances. *See, e.g.*, *Marroquin Ambriz v. Barr*, 420 F. Supp. 3d 953, 960-61 (N.D. Cal. 2019); *Soto Gimenez v. Hernandez*, No. 2:26-cv-00966-GJL, 2026 WL 1156075, at *8 (W.D. Wash. Apr. 29, 2026) ("Where the only identified factor supporting bond denial—namely, a pending criminal charge—was dismissed, the factual landscape before the IJ changed in a manner directly relevant to their prior bond determination. The IJ's failure to acknowledge or engage with evidence of that change, coupled with the absence of any articulated reasoning, constitutes an abuse of discretion."); *see also Tavares v. US Immigr. & Customs Enf't & Removal Operations, Field Off. Dir.*, No. 26-CV-00222-LM-AJ, 2026 WL 1382996, at *3 (D.N.H. May 18, 2026) ("Some district courts have held that an IJ's failure to consider clear evidence of materially changed circumstances may violate a noncitizen's rights to due process, warranting habeas relief."). Respondents do not argue that Petitioner's claim is not cognizable, and based on the above authority, the Court concludes that it is.

Petitioner makes two persuasive arguments that the IJ abused his discretion. First, he argues that the IJ erred in rejecting the availability of a sponsor as a materially changed circumstance. The IJ said that Petitioner had not explained why he could not have presented the sponsor earlier (ECF 11-3 at 1), but the regulation has no diligence standard—it asks only whether there is

a material change in the noncitizen's circumstances that post-dates the hearing. 8 C.F.R. § 1003.19(e). Availability of a sponsor is a material fact that may mitigate risk of flight. *Matter of M-S-V-*, 30 I&N Dec. 130, 134 (BIA 2026). As such, the IJ erred in rejecting Petitioner's sponsor as a potentially materially new fact that warranted a new bond hearing. *Arikan v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-CV-03748-JLT-SAB-HC, 2026 WL 2621036, at *4 (E.D. Cal. Sept. 4, 2026) (granting habeas petition and finding that IJ erred in rejecting Petitioner's claim of materially changed circumstance warranting a new bond hearing; the regulation is premised on the existence of a new fact—there, the new application for relief—and did not take into account why petitioner did not file her application sooner).

Second, Petitioner argues that the IJ erred in concluding that the imminent arrival of Petitioner's son did not alter his risk of flight. (ECF 11 at 1.)[1] The presence of one's minor child who is a citizen of the United States and who requires a guardian cannot be said to have *no* bearing on risk of flight. The IJ erred in concluding—on the threshold matter of whether Petitioner has presented a changed circumstance—that Petitioner's son's expected relocation did not at least *mitigate* his risk of flight.

Though Petitioner made a cogent argument along these lines, Respondents did not respond to the claim—instead, arguing instead that Petitioner's *initial* bond hearing was adequate. (Answer at 4-5.) That argument is simply not responsive to the claim presented in the Petition. For the reasons set out above, therefore, the merits of Petitioner's claim are strong.

---

[1] Petitioner's son is now here in the United States, and requires medical care that he cannot, apparently, obtain in the absence of a guardian. While these may well bolster Petitioner's claim before the IJ, the Court does not consider them, as it appears Petitioner did not present them to the IJ. (Reply at 3.)

Respondents also argue that Petitioner should exhaust his claim before the Court considers it. (Answer at 5-7.) Administrative exhaustion is not a jurisdictional requirement for habeas petitions filed under 28 U.S.C. § 2241. As a prudential matter, however, courts typically "require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Prudential exhaustion should be required where "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citations and quotations omitted).

On the other hand, courts "have discretion to waive a prudential requirement." *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004). A court may waive the exhaustion requirement "when administrative remedies are inadequate or their exercise would be futile, or irreparable injury would result without immediate judicial intervention." *Ward*, 678 F.3d at 1045.

Here, the Court finds that the circumstances counsel in favor of waiving exhaustion. The available avenue for exhaustion would be an appeal of the IJ's decision denying a second bond decision to the BIA—an avenue Petitioner has not yet pursued. But forcing Petitioner to wait until the BIA decides his appeal would cause irreparable injury, as according to data released by the Executive Office for Immigration Review, the average processing time for bond appeals in 2024 exceeded 200 days. *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1253 (W.D. Wash. 2025). As of the end of fiscal year 2025, the BIA had 202,946 total pending appeals—a number that was a significant increase over its backlog at the end of 2024. At the end of fiscal year 2026, the number of pending appeals was

325,774. *See* EOIR Adjudication Statistics, All Appeals Filed, Completed and Pending, https://www.justice.gov/eoir/media/1344986/dl?inline (last visited November 12, 2026). Requiring a party to wait out the BIA appeal process before seeking relief from this Court is no small matter.

And while it may be appropriate to require a noncitizen to pursue that path in the mine run case, here, the claim is that Petitioner's eight-year-old in in the United States, living with a temporary guardian, unable to receive medical care or enroll in school for lack of a permanent guardian. (Reply at 2.) The Court finds that those circumstances support a finding of irreparable injury, such that the Court will waive the exhaustion requirement, and grant Claim One in the Petition on its merits.

Petitioner asks for release from custody, or in the alternative, an order requiring a new bond hearing. (Pet. at 20-21.) The Court finds that a new bond hearing is the remedy that most closely fits the violation found above, without resulting in a windfall. The Court will therefore grant the Petition and order that Petitioner be released unless he is provided a bond hearing within seven days of the Court's order.

Claims Two and Three raise due process claims. Claim Two is a procedural due process claim that raises, essentially, the same error as Claim One, and would not warrant any greater relief. Claim Three is a substantive due process claim, and Petitioner has not shown that the Government has no legitimate grounds for his detention. Besides, a bond hearing is the primary test of whether detention is excessive to the government's interest in detention. *See Martinez Leiva v. Becerra*, No. 23-CV-02027-CRB, 2023 WL 3688097, at *5 (N.D. Cal. May 26, 2023). Here, Petitioner's first bond hearing resulted in a finding that Petitioner should be detained as a flight risk. While the Court believes that changed circumstances require a new bond hearing, the Court cannot go so far as to say that Petitioner's present detention violates due process.

## CONCLUSION

The Court therefore **grants** Claim One in the Petition and orders that Petitioner Ren Wang (A# 140-129-321) be released from custody unless he is provided with a bond hearing no later than eight days from the date of this Order. Nothing in this Order shall be interpreted to prevent Petitioner from asking that the hearing be continued to a later date, if he chooses; if he does so, however, Petitioner shall not be released from custody based on the conditional language of this Order. The balance of the Petition is denied, and judgment shall be entered accordingly.

The Application for a Temporary Restraining Order (ECF 3) is **denied as moot.**

DATED: November 23, 2026

BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE